**UNITED STATES of America,
Plaintiff and Appellee,**

v.

**Joseph Charles BONANNO, Jr., and Salvatore Vincent Bonanno, Defendants and Appellants.**

**Nos. 72–1779, 72–1780.**

United States Court of Appeals,
Ninth Circuit.

May 12, 1972.

———◆———

Albert J. Krieger, New York City, for defendants and appellants.

James L. Browning, Jr., U. S. Atty., Philip R. Michael, Asst. U. S. Atty., San Francisco, Cal., for plaintiff and appellee.

CHAMBERS, Chief Judge:

Salvatore Vincent Bonanno and Joseph Charles Bonanno, Jr., brothers, were convicted of rather ungentle federal crimes. Salvatore was sentenced to a prison term to run concurrently with terms he was serving already in a federal penitentiary. Joseph was sentenced to five years in prison but is at large on bail pending appeal.

On February 16, 1972, the brothers filed notices of appeal. At the time of sentence, Joseph was represented by John T. Dawson of Campbell, California, and Salvatore by Albert J. Krieger of New York City.

Promptly the district court put the appeals under our expedited appeal plan. Our clerk then set the ready date for all briefing to be completed as of May 1, 1972.

· Since February 16, 1972, this court has heard nothing from Joseph's attorney, Dawson. On April 27, 1972, our clerk received from Attorney Krieger a request for an extension of time to file the record. (It was not in proper form. Although there had been no substitution, in his application Krieger purported to act for both parties. At the clerk's suggestion, Krieger has now moved to substitute himself for Dawson to serve for Joseph, also.) The application to extend time to docket was the first communication from counsel to our clerk. Under the rules, the record should have been here March 27, 1972.

The request of April 27 specified that two weeks was needed, but the record arrived here on May 1, 1972. The affidavit relates that there was a reporter's daily transcript in the trial. For this criminal appeal we should get an original and four copies of the transcript. We can get photostatic reproduction of transcripts in less than a week, usually within two days and sometimes overnight. We assume the reporter can do business with our contractor. And practically the record here could have been forwarded within a week after notice of appeal was filed.

But the Krieger affidavit indicates that just recently he found out that the reporter should be paid $911.10 and that he had promptly paid it, and we could expect the transcript to be along soon. After he paid, the transcript arrived quite promptly.

But we get the transcripts in here in 74 days instead of 40 days under the

rules (and someone should have shortened the 40 days' time).

I do not indict Krieger. His delays are less than par for the course. But I use his case to express my views, because in so many other cases of delay it might be said that counsel is a bumbler. Krieger is one of the most competent in the criminal field. I believe him to be ethical, and an ethical lawyer is to be admired for taking the cases of unpopular people such as the Bonannos.

But I believe Krieger could have put the record in here promptly if early action would have benefited his clients. But Joseph is out on bond. Tomorrow can't be any worse than today. So the request for an extension says, essentially, "The record did not pursue me."

We have tried one way and another to get criminal cases in and heard promptly. Some of our measures such as "ready date" work for a while but then counsel build up immunities to them. Criminal cases are entitled to priority. The Chief Justice calls on us to get criminal cases disposed of promptly. The Judicial Conference of the United States commanded us in October, 1971, to come up with a plan to get the criminal cases disposed of promptly.

The best plan to get these cases disposed of promptly is to calendar on the date of receipt of notice of appeal the case for an oral hearing. Counsel traditionally respect a date for an oral hearing in open court. (Of course, intermediate monitoring of the laggards is necessary.) I feel I am authorized to calendar after a default.

Salvatore and Joseph may have been improperly convicted. If so, their convictions should have been reversed ere now. If their convictions are sound, that should have been so pronounced this week of May 8, 1972, or earlier. (The ready date was May 1, 1972.)

Yesterday I entered in the appeal an order as follows:

"Record to be filed on or before May 12, 1972. Balance of docket fee to be paid forthwith. Opening brief to be filed on or before June 1, 1972. Government brief to be filed on or before June 15, 1972. Case is to be heard during the week of July 12, 1972."

This will assure disposition in about five months after judgment in a case that could have been disposed of in a few weeks. The delay here by comparison with a lot of other criminal cases is minor, but there is no room to argue in this one that there was any good reason for the slightest delay.